UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUN OWNERS FOUNDATION   )
8001 Forbes Place, Suite 102    )
Springfield, Virginia  22151,    )
              )
    Plaintiff,     )
              )
    v.      )  Civil Action No. _____
              )
BUREAU OF ALCOHOL, TOBACCO, )
FIREARMS AND EXPLOSIVES   )
U.S. Department of Justice     )
99 New York Avenue, N.E.     )
Washington, D.C.  20226,     )
              )
    Defendant.    )

## COMPLAINT

1.  This is an action to compel defendant to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### Jurisdiction and Venue

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.  Venue lies in this judicial district under 5 U.S.C. § 552(a)(4)(B).

### Parties

4.  Plaintiff, Gun Owners Foundation ("GOF"), is a nonprofit educational organization, exempt from federal income taxation under § 501(c)(3) of the Internal Revenue Code, organized under the laws of Virginia, and having its principal place of business at 8001 Forbes Place, Suite 102, Springfield, Virginia 22151.  GOF is dedicated to the correct

2

construction, interpretation and application of the law, with particular emphasis on firearms

statutes and constitutional guarantees related to firearm ownership and use.

5.      Defendant, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), is

an agency of the U.S. Department of Justice, a department of the Executive Branch of the

United States Government, and is headquartered at 99 New York Avenue, N.E., Washington,

D.C. 20226.  Defendant has possession, custody, and control of the records to which Plaintiff

seeks access.

### Statement of Facts

6.      On March 16, 2011, Congressman Darrell Issa, Chairman of the House

Committee on Oversight and Government Reform sent a letter to ATF ("Issa letter") requiring

production of records related to ATF's involvement in smuggling firearms from the United

States to Mexico, such involvement having taken place during ATF operations "Project

Gunrunner" and "Operation Fast and Furious."

7.      On April 21, 2011, GOF submitted an FOIA request to ATF via e-mail and

facsimile.  *See* Exhibit 1 hereto.

8.      GOF's FOIA request sought production of records related to (i) ATF's

preparation of a response to the Issa letter, and (ii) any new records that had been created since

the date of the Issa letter.

9.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), ATF's response to GOF's April 21,

2011 FOIA request was due by no later than May 19, 2011.

10.      On June 20, 2011, having received no reply from ATF, GOF sent an e-mail to

ATF seeking a status update.

3

11.     On June 29, 2011, GOF received a reply from ATF by mail, acknowledging receipt of GOF's FOIA request, stating that GOF's request would be granted in part, and setting an anticipated reply date of July 13, 2011.  *See* Exhibit 2.

12.     ATF did not respond by July 13, 2011.

13.     On August 4, 2011, GOF again sent an e-mail to ATF seeking a status update.

14.     On August 4, 2011, ATF replied to GOF's e-mail, promising a status update by August 8, 2011.

15.     ATF did not respond by August 8, 2011.

16.     On August 16, 2011, GOF again sent an e-mail to ATF seeking a status update.

17.     On August 16, 2011, ATF replied to GOF's e-mail, asserting that the promised reply had already been sent.

18.     On August 18, 2011, GOF received a second reply from ATF by mail, dated August 17, 2011, one day after ATF assured GOF that a response had already been sent.  This letter from ATF set a new anticipated reply date of August 31, 2011.

19.     ATF did not respond by August 31, 2011.

20.     On January 3, 2012, GOF sent a further e-mail to ATF seeking a status update.

21.     ATF did not reply to this e-mail.

22.     As of the date of this Complaint, ATF has failed to produce a single record that is responsive to Plaintiff's March 16, 2011 FOIA request, and has failed to assert that any responsive record is exempt from production.  ATF has failed to respond to GOF's FOIA request in any substantive way.

23.     ATF has ignored each of its self-imposed deadlines.

4

24.     ATF has failed to give GOF any current estimate of when any records may be produced.

25.     ATF has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A).  Thus, GOF is deemed to have exhausted all administrative remedies with respect to its FOIA request pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

26.     Plaintiff realleges paragraphs 1 through 25 as if fully stated herein.

27.     Defendant has admitted that it possesses non-exempt records that are responsive to Plaintiff's request.

28.     Pursuant to 5 U.S.C. § 552, Plaintiff is entitled to access to the documents requested, and Defendant has no legal basis for its refusal to respond to Plaintiff's request.

29.     Defendant has wrongfully withheld the requested records from Plaintiff.

WHEREFORE, plaintiff prays that this Court:

(1)     enjoin Defendant from continuing to withhold non-exempt records responsive to Plaintiff's FOIA request;

(2)     order Defendant to conduct a search for all records responsive to Plaintiff's FOIA request;

(3)     order Defendant to produce all non-exempt records responsive to Plaintiff's FOIA request, and to produce a *Vaughn* index of any responsive records withheld under a claim of exemption;

5

(4)    award Plaintiff its attorney's fees and other litigation costs reasonably incurred

in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5)    grant Plaintiff such other and further relief as the Court deems just and proper.

Dated:  June 6, 2012

_____
WILLIAM J. OLSON
(D.C. Bar No. 233833)


    /s/ John S. Miles_____
JOHN S. MILES
(D.C. Bar No. 166751)

Jeremiah L. Morgan
Robert J. Olson
WILLIAM J. OLSON, P.C.
370 Maple Avenue, West, Suite 4
Vienna, VA 22185-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*
Gun Owners Foundation