**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GUN OWNERS FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-919 (BAH) |
| | ) | Judge Beryl A. Howell |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>JOINT STATUS REPORT</u>

Pursuant to the Court's Minute Order of March 12, 2014, plaintiff Gun Owners Foundation ("GOF") and defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") hereby submit this joint status report.

<u>ATF's Position</u>:

1.      ATF respectfully submits that the *Open America* stay that has been in effect since November 26, 2013, should be extended.  The stay has afforded ATF an opportunity to continue its review of responsive records, and ATF has made substantial progress towards completing its review in the six months since the Court extended the stay.  In addition, during this time, ATF has been making regular, substantial monthly releases of documents to GOF.  The stay is functioning as intended, and the circumstances that justified entry of the stay have not changed.

2.      ATF has, as of today's date, received twenty-four FOIA requests for information concerning Operation Fast and Furious ("Fast and Furious").  *Cf.* Decl. of Stephanie M. Boucher ("Boucher Decl.") (ECF No. 14-1) ¶ 3.  It has identified approximately 261,000 pages of documents that are potentially responsive to GOF's FOIA request.  *See id.* ¶ 12; Joint Status

Report (March 11, 2013) ("March 2013 Joint Status Report") (ECF No. 13) ¶ 1.  As of March

11, 2013, ATF had fully reviewed approximately 35,300 pages of material potentially responsive

to GOF's FOIA request.  *See* Boucher Decl. ¶ 17; March 2013 Joint Status Report ¶ 2.  As of

March 11, 2014, ATF had fully reviewed approximately 156,736 pages of material potentially

responsive to GOF's FOIA request.  As of today's date, ATF has fully reviewed approximately

194,536 pages of material potentially responsive to GOF's FOIA request.

   3.  Notwithstanding this substantial progress, of the approximately 261,000 pages of

documents that are potentially responsive to GOF's FOIA request, over 65,000 pages of material

potentially responsive to GOF's FOIA request remain to be reviewed by ATF.  ATF estimates

that it will take it approximately twelve months to complete its review and processing of the

remaining documents.  In addition, and as previously explained, ATF will also have to "consult

with other Department of Justice components and Executive Branch entities having equities in

the documents" before releasing any material.  *E.g.*, Def.'s Mem. of P. and A. in Supp. of its

Mot. for *Open America* Stay ("Def.'s *Open America* Mem.") (ECF No. 14) at 11.

   4.  Release of documents to GOF has been complicated in light of the fact that some

of the documents that are responsive to its request contain sensitive law enforcement

information, and others are subject to the President's assertion of Executive Privilege in response

to a subpoena issued to the Department of Justice by the House Committee on Oversight and

Government Reform.  *See id.* at 10-11.  Nevertheless, and as documented in greater detail in the

monthly status reports ATF has been filing since April of this year, ATF has released 992 pages

of documents, with appropriate redactions, to GOF in response to its FOIA request.  All redacted

material has been marked with a corresponding FOIA exemption, *see* 5 U.S.C. § 552(b),

permitting GOF to understand the basis on which material has been withheld.  ATF anticipates

that it will be able to continue to complete regular releases to GOF on a rolling basis throughout the coming months.

5.      In support of its motion for a stay under *Open America*, ATF explained that the multiple, overlapping FOIA requests it had received concerning Fast and Furious presented the agency with exceptional circumstances, and that it had, by dedicating significant resources to the requests, and by adopting an approach designed to most expeditiously complete processing of the requests, exercised due diligence in the processing of those requests.  *See generally id.* at 8-13. When this Court in November 2013 granted ATF's motion for stay, it recognized that ATF's approach was "entirely reasonable, given the substantial public interest in these subject operation records and the volume of records to be examined."  Order at 1.  In particular, it explained that ATF had "shown both exceptional circumstances and due diligence," and that its "response to these twenty-two 'broad, time-consuming requests' is reasonable and exactly what Subsection (6)(C) is designed to allow."  *Id.* at 2.  The Court initially stayed the case through March 11, 2014, *see id.* at 3, but on March 12, 2014, extended the stay until today's date.

6.      ATF has in the past six months made significant progress in the processing of the Fast and Furious FOIA requests, most notably by fully reviewing more than 37,000 pages of potentially responsive records.  While ATF has not yet completed the processing of the Fast and Furious FOIA requests, it has continued to confront exceptional circumstances, and has continued to exercise due diligence.  Good cause therefore exists to extend the stay, and ATF accordingly requests that the Court further stay this case, pursuant to *Open America*, through September 11, 2015, to allow time for ATF to complete its processing, and conduct consultations with other Department of Justice and Executive Branch entities as appropriate.  ATF understands that this is more time than was requested in March of this year, *see* Joint Status Report (ECF No.

20) ¶ 5 (ATF requesting that Court extend stay through March 11, 2015), and does not make this request for additional time lightly.  Nevertheless, projecting forward based on the rate of review already conducted, ATF is making a good-faith request for the additional time it believes will be necessary.

7.    Should the Court desire briefing on the subject of an *Open America* stay, ATF requests that it be given an opportunity to move for an extended *Open America* stay 21 days after entry of any order contemplating that ATF so move.  ATF additionally requests that the schedule for further briefing on any such motion be governed by Local Civil Rule 7(b) and Federal Rule of Civil Procedure 6(d).

8.    The Court should not, as GOF requests, order ATF to provide to GOF what is at bottom a rolling *Vaughn* Index.  *See infra* ¶ 10.  As ATF has previously explained, it is obligated to bring forth evidence justifying its withholdings only "in connection with [its] motion for summary judgment." *Schwarz v. U.S. Dep't of Treasury*, 131 F. Supp. 2d 142, 147 (D.D.C. 2000) (citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); *see also, e.g.*, Def.'s Mem. of P. & A. in Opp'n to Pl.'s Mot. for Partial Judgment on the Pleadings (ECF No. 9) at 8-9.  In addition, if ATF were ordered to index withholdings from documents as they are released, the process of releasing documents would be slowed substantially.  The best way for this case to move forward expeditiously is for the Court to allow ATF to complete the work that is required under the statute, after which the parties can begin to address any issues that remain.

GOF's Position:

9.    Plaintiff, Gun Owners Foundation ("GOF"), opposes ATF's request for a further one-year stay of these proceedings.  Indeed, although GOF would oppose any further extended

4

stay of the proceedings herein based upon ATF's lack of sufficient justification, the additional one-year stay sought by ATF is simply beyond the pale.  GOF respectfully submits that ATF is testing the Court's patience and limits, while simultaneously continuing to frustrate GOF's efforts to avail itself of its rights under FOIA.

10.   As the Court is aware from the Complaint herein (*see* Complaint ¶¶ 11-21), as well as GOF's Motion for Partial Judgment on the Pleadings, GOF's Opposition to Defendant's Motion for *Open America* Stay (*e.g., id.* at 2), and GOF's status reports to the Court in the past (*e.g.*, Joint Status Report filed 3/11/13 (Doc. #13 herein), ¶ 7) ,  ATF's administrative processing of GOF's FOIA request —  ranging from broken promises to a refusal to communicate — appears to have been deficient from the very outset, and its current justification for continued delay appears to have been an idea that arose sometime after the institution of this litigation.   It is already approaching three and one-half years since GOF's FOIA request was submitted to ATF, and there is still not even a hard estimate of when ATF will respond to GOF's FOIA request in full.  The current estimate of one additional year is merely the latest in a series of ATF erroneous estimates.  Even ATF's Motion for *Open America* Stay, filed in March of 2013, requested a stay of only one year.

11.   The extraordinary delay requested by ATF is one issue, but there is another future delay issue that looms large in this case.  ATF asserts that — of the 194,536 pages of "material potentially responsive to GOF's FOIA request" (¶ 2, *supra*) — it has "released 992 pages of documents , with appropriate redactions ...."  (¶ 4, *supra*).  What ATF has failed to reveal is that the great majority of documents thus far disclosed in full are very few, do not appear to contain any substantive information relating to GOF's FOIA request, and, because the great majority of redactions are so substantial, are virtually useless for any purpose whatsoever.   Thus, whenever

ATF does in fact complete its duty of furnishing GOF the documents responsive to its FOIA request — which is already many years after the FOIA request was submitted —  the parties will be at square one regarding the documents in issue.  In effect, the substantive portion of this FOIA litigation will then just be beginning.  The passage of these many months without any substantive information from ATF regarding the records at issue is resulting in an unnecessary waste of time.

12.    GOF, through counsel, has already requested ATF's counsel to consider providing GOF with more information regarding the redacted and withheld documents, as well as the reason for redacting/withholding them, to give GOF time to consider the objections in light of the type and content of document in issue.  Characterizing such a process as a "rolling *Vaughn* Index," ATF has refused to do so, on the ground that it has no duty to provide such an Index until it moves for summary judgment in support of its decision to withhold the documents and submits such an Index in support of its position.  *See* ¶ 8, *supra*.   What ATF does not mention, of course, is that this litigation is already years old, and will be older still by the time ATF completes its document processing function (which in the normal FOIA case would have been accomplished at the administrative level).  Just as this Court has the discretion to enter a stay under the *Open America* rationale, as it has done thus far in this case, it certainly has the discretion to customize such as stay to require ATF to provide some meaningful information to GOF regarding the withheld documents.

13.  If the Court is inclined to extend the stay herein any further, ATF should be required to provide to GOF , as part of its monthly release of documents, appropriate information identifying the documents withheld in whole or in part, together with the grounds for redacting or withholding them.  ATF asserts (para. 4, *supra*) that the redacted material it has produced exhibits a reference so that GOF can understand the basis for the claimed exemption.  But of

what use is that without any understanding as to what the document is?  Merely inserting a

shorthand reference to a Code section (*e.g.*, "(b)(3)" or "(b)(5)") at the top of a three-page

document that has no title, date, or description, and is totally redacted except for the shorthand

reference to the Code section --- which is essentially all that ATF has done on its redacted

documents --- is almost meaningless with respect to providing information or understanding the

basis for the claimed exemption.  ATF says that providing more information would slow the

process down, but GOF submits that it should not slow down the procedure at all, since ATF has

already made a decision to withhold the documents in question.  ATF providing more

information would permit GOF to at least be able to appraise the reasonableness of the legal

grounds asserted by ATF for refusing to disclose the documents that are being processed, which

could do much for efficiency and speeding up the ultimate resolution of this litigation.   GOF

respectfully submits that such a procedure would enhance the prospects of lessening discovery

disputes and curtailing the litigation process herein, and that such a procedure would be in the

interests of justice.

Dated: September 11, 2014                          Respectfully submitted,

                                                   /s/ William J. Olson
                                                   WILLIAM J. OLSON
                                                   (D.C. Bar No. 233833)

                                                   /s/ John S. Miles
                                                   JOHN S. MILES

                                                   Jeremiah L. Morgan
                                                   Robert J. Olson
                                                   WILLIAM J. OLSON, P.C.
                                                   370 Maple Avenue, West, Suite 4
                                                   Vienna, VA 22185-5615
                                                   703-356-5070 (telephone)
                                                   703-356-5085 (fax)
                                                   wjo@mindspring.com (e-mail)
                                                   Counsel for Plaintiff

Gun Owners Foundation


STUART F. DELERY
Assistant Attorney General

JOHN R. TYLER
Assistant Director
Federal Programs Branch

 /s/Gregory Dworkowitz
GREGORY DWORKOWITZ
N.Y. Bar Registration No. 4796041
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-8576
Fax: (202) 616-8470
Email: gregory.p.dworkowitz@usdoj.gov

Attorneys for Defendant